

FILED
2020 Feb-19  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GLORIA FERGUSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **V.** | § | |
| | § | _____ |
| **BBVA COMPASS BANCSHARES,** | § | |
| **INC., COMPASS BANCSHARES,** | § | |
| **INC., and BBVA USA BANCSHARES,** | § | **JURY DEMAND** |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff Gloria Ferguson brings this action under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. 12111 *et seq*., as amended, and the Family Medical Leave of 1993, ("FMLA") as amended. Plaintiff alleges in violation of the law, Defendant discriminated against her, failed to accommodate her disability, and interfered with her rights under the FMLA.   Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

### II.   JURISDICTION

1.     This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 2201- 2202, 29 U.S.C. §§ 22601 *et seq.*, 42 U.S.C. § 12117, and 42 U.S.C. § 12133.  Venue is proper pursuant to 28 U.S.C. § 1391.

2.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA.  Plaintiff timely filed her charge of discrimination within 180 days of the

occurrence of the last discriminatory act.  Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.  The FMLA does not require the exhaustion of administrative remedies.

III.   **PARTIES**

1.      Plaintiff, Gloria Ferguson, is a female citizen of the United States and a resident of the State of Alabama.  Plaintiff is a person with a disability as that term is defined under the ADA. Plaintiff also has a serious health condition under the FMLA, and she was an employee eligible for benefits under that statute during the relevant time period.

2.      Defendant, BBVA Compass Bancshares, Inc., Compass Bancshares, Inc., and BBVA USA Bancshares, Inc.   (hereinafter "BBVA Compass"), is an "employer" under the FMLA, 29 U.S.C. ' 2611(4), the ADA, and 42 U.S.C. ' 12111(5).  The employer employs at least fifteen (15) people.

IV.   **STATEMENT OF FACTS**

3.      Plaintiff possesses a disability as defined by the ADA.

4.      Plaintiff started working for Defendant in April of 2007 as a Wire Transfer Representative.

5.      In July of 2013, Plaintiff was promoted to the position of a Fraud Investigator.

6.      Plaintiff always held the position of a Fraud Investigator since the promotion with Defendant in 2013.

7.      Plaintiff's supervisor, Everett Robinson learned of Plaintiff's disability and its seriousness in or around May of 2017 when an ambulance was dispatched to Defendant's facility to transport Plaintiff to UAB Hospital due to complications relating to her disability.

8.     As a result of Plaintiff's disability and her treatment at UAB Hospital, Plaintiff missed approximately two (2) weeks of work from Defendant.

9.     Defendant advised Plaintiff that she would receive attendance occurrences at least once, for leaving work via the ambulance in violation of the Family Medical Leave Act of 1993.

10.     In or around September of 2017, Plaintiff's supervisor was reminded of Plaintiff's disability and her need for certain accommodations.

11.     In August of 2018, Plaintiff had surgery in connections to her disability. Plaintiff missed approximately two (2) months of work from Defendant.

12.     Plaintiff returned to work on October 16, 2018.

13.     Thereafter, Plaintiff's surgery and/or prescriptions, and/or disability caused Plaintiff to experience complication and/or adverse effects. To manage those adverse effects, Plaintiff would spend her lunch break resting with a company-issued sign designating that she was at "Lunch" on her desk.

14.     Relating to Plaintiff's surgery, Plaintiff was required to drink no less than 64 ounces of water throughout the day. This required that Plaintiff keep her water cup filled at her desk and caused her to use the bathroom more frequently.

15.     On or about October 30, 2018, Plaintiff was disciplined via email by her supervisor for resting her head while on her lunch break.

16.     Then on November 13, 2018, at about 8:53 AM, Plaintiff was disciplined via email for filling her water cup and using the bathroom during her shift.

17.     That afternoon, Plaintiff again placed her supervisor on notice of her disability and need for accommodation, as- well as his boss and the Defendant's Human Resource Department.

18.     The accommodations Plaintiff required violated Defendant's company policy and Plaintiff advised each of her need for a variance to rest her  head during lunch breaks, need to drink water throughout her shift, and an increased need to use the restroom.

19.     To date, Defendant has illegally failed to engage her in the interactive process necessary for it to determine whether her request for an accommodation was reasonable.

20.     To date, Defendant has illegally failed to advise her one way or the other as to whether they would grant her requested accommodation.

21.      To date, Defendant has illegally failed to approve her reasonable accommodation.

22.     Furthermore, as a result of her disability and request for accommodation, Everett Robinson and Defendant have retaliated against her.

23.     Plaintiff has been subject to harassment by her supervisor Everett Robinson daily in the form of increased scrutiny of her job performance compared to individuals without a disability that have not requested an accommodation.

24.     After Plaintiff's request to an accommodation on November 17, 2018, in an attempt to remove herself from Everett Robinson's harassment, Plaintiff applied for twenty-eight (28) open job positions within Defendant's operations for which she was qualified.

25.      Some of the positions Plaintiff applied for were lateral moves, same job title and job description, while others were positions lower than what Plaintiff currently held.

26.      Despite Plaintiff's qualifications, Defendant has passed Plaintiff over and filled those positions with individuals not possessing a disability and not requiring accommodation.

## V.     CAUSES OF ACTION

### A.     FMLA INTEREFERENCE, INTENTIONAL DISCRIMINATION, AND RETALIATION

27.     Plaintiff reasserts and incorporates the paragraphs above.

28.     Plaintiff was an eligible employee under 29 C.F.R. §825.110. She had a serious health condition pursuant to 29 U.S.C. §2612 and 29 C.F.R. §825.113, and she was entitled to take leave for that serious health condition.

29.     Defendant is an employer in accordance with 29 U.S.C. §2611, 29 C.F.R. §825.104, and 29 U.S.C. §825.106.

30.     Defendant should have classified Plaintiff's absences as covered and protected leave under the FMLA.

31.     Defendant interfered with and still has not effectively approved Plaintiff FMLA benefits in violation of the 29 C.F.R. §825.220.

32.     Defendant violated the FMLA, 29 U.S.C. §2614, inter alia, by failing or refusing to approve leave and by disciplining Plaintiff for absences that were covered as protected FMLA leave.

33.     Defendant also failed to provide Plaintiff with timely notice of her rights under the FMLA.  29 C.F.R. §825.300.

34.     Defendant's actions were willful and unreasonable.

35.     Plaintiff's disciplinary record resulting from her discipline for taking leave covered under the FMLA has caused Plaintiff to loose opportunities for transfer, and or Defendant has placed less qualified applicants in positions for which Plaintiff applied because Plaintiff requested FMLA leave and complained she had not received FMLA leave for which she was entitled.

36.     Plaintiff's request for leave under the FMLA and leave related to her serious health condition were substantial motivating factors considered by Defendant when not awarding Plaintiff positions for which she applied.

37.     As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment.  Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## B.     TITLE I OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE, INTENTIONAL DISCRIMINATION, AND RETALIATION.

38.     Under Plaintiff's disability discrimination claim, Plaintiff states that  (1) she was otherwise qualified to perform the essential functions of the jobs for which she has applied, with or without a reasonable accommodation, the positions for which she applied were given to lesser qualified candidates; and (2) she suffered an adverse employment action because of her disability when Defendant failed to place her in the jobs for which she applied.

39.     Plaintiff is an individual with a disability under the ADA in that she has a condition which substantially limits at least one major life activity and/or she is regarded as such and/or has a record of a disability.  42 U.S.C. §12102.

40.     Defendant was aware of Plaintiff's disability, a) Plaintiff requested Defendant accommodate her disability by allowing her to deviate from Defendant's company policy, allowing her to rest her head during lunch breaks, fill her water bottle, and use the restroom more frequently, b) Defendant failed to engage Plaintiff in the interactive process necessary to a determination of whether any of these accommodations were reasonable, and c) Plaintiff's disability and request for accommodation were substantial motivating factors for Defendant's failure to place Plaintiff in the positions for which she has applied, and placing less qualified applicants in those positions not possessing a disability requiring accommodations under the ADA.

41.     Defendant has intentionally, maliciously and with reckless indifference discriminated against Plaintiff based on her disability, her perceived disability and/or her record of a disability with regards to terms and conditions of employment.  42 U.S.C. §12112.

42.     Accommodating Plaintiff's disability would not have posed an undue hardship for Defendant.

43.     Plaintiff suffered damages as a result of Defendant's actions in not approving her a reasonable accommodation, failing to engage her in the interactive process, and subjecting her to disability-based disparate treatment.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, respectfully requests this Court to grant the following relief:

(a)     Issue an Order directing and requiring Defendant to pay Plaintiff damages for mental anguish, lost wages, salary, employment benefits, or other compensation reduced, denied, or lost by reason of Defendant's FMLA and/or ADA violations, including nominal damages;

(b)     Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FMLA in an amount equal to and in addition to the amount of lost wages, salary, employment benefits, or other compensation owed to her, and punitive and compensatory damages pursuant to the ADA;

(c)     Issue an Order directing and requiring Defendant to place Plaintiff in a position for which she applied, or award Plaintiff front pay if no position is available or reinstatement is not appropriate; and

(d)     Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, and pre-judgment and post-judgment interest.

(e)   Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Respectfully submitted,

*/s/ Robert J. Camp*
**ROBERT J. CAMP**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail:  rcamp@wigginschilds.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

*/s/Robert J. Camp*
**OF COUNSEL**

Plaintiff requests this Honorable Court to serve via certified mail upon the defendant the following: Summons, Complaint.

**DEFENDANT'S ADDRESS:**

BBVA Compass Bancshares, Inc.
c/o Troy Farnlacher
Daniel Building
15 South 20th Street
Birmingham, AL 35233

Compass Bancshares, Inc.
c/o Jerry Powell, Registered Agent
15 South 20th Street
Birmingham, AL 35233

BBVA USA Bancshares, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

*/s/ Robert J. Camp*
**OF COUNSEL**